UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD L. WATSON,**

      **Plaintiff,**

v.                                        Case No: 8:22-cv-12-WFJ-AAS

**KEN SUMPTER and
LIEUTENANT DOUGHERTY,**

      **Defendants.**
_____/

**ORDER**

Plaintiff Richard L. Watson, a convicted and sentenced state prisoner, sues under 42 U.S.C. § 1983. Mr. Watson proceeds *pro se*, and an earlier order granted him leave to proceed *in forma pauperis*. (Doc. 6) He proceeds on his Amended Complaint. (Doc. 4)

Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**I.     Amended Complaint**

Mr. Watson's allegations are rambling and disjointed. He appears to allege that, while incarcerated at the Franklin Correctional Institution, he began a sexual relationship with his roommate John Buskager. (Doc. 4 at 7–8). Their sexual

relationship continued after both were transferred to the Taylor Correctional Institution. (*Id.*) On November 17, 2019, Mr. Watson ended their relationship. (*Id.*) Later, Mr. Buskager alleged that Mr. Watson battered him. (*Id.*)

In June of 2021, Mr. Watson was incarcerated in the Sumter Correctional Institution. (*Id.*) Defendant Ken Sumpter, Deputy Inspector General of the Florida Department of Corrections, assigned Defendant Lieutenant Dougherty to investigate Mr. Buskager's allegation against Mr. Watson. (*Id.*) Both Mr. Watson and Mr. Buskager were interviewed and provided samples. (*Id.*) Neither received a disciplinary report. (*Id.*) Both were transferred to different correctional institutions. (*Id.*) Publicly-available records from the Florida Department of Corrections show that Mr. Watson is currently incarcerated in the Union Correctional Institution.

As the basis for his civil rights claim, Mr. Watson invokes Florida Administrative Code § 33-601.304, which governs the preparation of disciplinary reports in correctional institutions. He appears to allege that, although he did not receive a disciplinary report as a result of the investigation, the investigation itself and his subsequent transfer violated § 33–601.204 because they occurred months after the alleged battery. (*Id.*) He has suffered mental stress, depression, anxiety, and loss of communication with family members. (*Id.* at 8) He seeks $250,000.00 in damages.

II.   Analysis

Mr. Watson's Amended Complaint is subject to dismissal, even under a liberal construction, because he fails to "state a claim to relief that is plausible on its face."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Mr. Watson's allegation that the defendants violated Florida Administrative Code § 33-601.304 is insufficient to state a claim. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). "While the violation of state law may (or may not) give rise to a state . . . claim, it is not enough by itself to support a claim under section 1983." *Id.* "[T]o seek redress through § 1983 . . . a plaintiff must assert the violation of a federal right[.]" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (alterations omitted). Mr. Watson fails to do so.

Buried within his rambling allegations, Mr. Watson states that he has not been "allowed to do legal research at the law section of the library to work on his legal case." (Doc. 4 at 5) This allegation is insufficient to state a claim. While prisoners have the right of access to the courts, prisoners do not have an inherent or independent right of access to legal information; instead, a prisoner's contention of deprivation of access to courts must show actual injury as a constitutional prerequisite. *See Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Evidence of actual injury may be shown, for example, through a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from the

3

denial of legal information from prison officials. *See Wilson*, 163 F.3d at 1290–91. Mr. Watson does not allege any actual injury.

Mr. Watson's requested relief of $250,000.00 in damages is insufficient. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Simply stated, Mr. Watson cannot obtain money damages as relief without first asserting a physical injury to which the money damages requested are connected. He fails to do so.

Finally, it is unclear whether the Tampa Division of the Middle District of Florida is the proper judicial district and division for Mr. Watson's allegations. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Under Local Rule 1.04(b), "[a] party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." The Franklin Correctional Institution is located in Carrabelle, Florida, and the Taylor Correctional Institution is located in Perry, Florida. Both are located in the Tallahassee Division of the Northern District of Florida. The Sumter Correctional Institution is located in Bushnell, Florida, which is in the Ocala Division of the Middle District of Florida. The Union Correctional Institution is located in Raiford, Florida, which is in the Jacksonville Division of the Middle District of Florida. Mr. Watson is cautioned that this case may be subject to dismissal or transfer due to improper district or division.

### III.   Conclusion

The Court will *sua sponte* permit Mr. Watson an opportunity to amend his Amended Complaint. If Mr. Watson can assert facts to state a civil rights claim based on a violation of a federal right against a defendant that is amenable to suit, and if the Tampa Division of the Middle District of Florida is the proper district and division for his claim, he may file a Second Amended Complaint.

Accordingly, it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Watson wishes to amend his Amended Complaint to remedy the noted deficiencies, he shall file a Second Amended Complaint within **THIRTY DAYS** of the date of this order.

    b. To amend his Amended Complaint, Mr. Watson should complete a new civil rights complaint form, titling it "Second Amended Complaint." The Second Amended Complaint must include all of Mr. Watson's claims in this action and may not refer back to, or incorporate, the original Complaint or the Amended Complaint. The Second Amended Complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Watson fails to file a Second Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the

Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Watson must advise the Court of any change of address. He must title the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Watson a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on April 25, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Watson must advise the Court of any change of address. He must title the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Watson a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on April 25, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party